UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRECK WILLIAMS AND<br>TARISA WILLIAMS | * CIVIL ACTION NO. 2:16-cv-13136 |
| v. | * JUDGE JANE TRICHE MILAZZO |
| RUST ENGINEERING AND<br>CONSTRUCTION, INC., ET AL. | * MAGISTRATE JUDGE JOSEPH C.<br>* WILKINSON, JR. |

*************************************************************************

**OWL INTERNATIONAL, INC. d/b/a GLOBAL ASSOCIATES'
EXCEPTIONS, ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **OWL INTERNATIONAL, INC. d/b/a GLOBAL ASSOCIATES**, (hereinafter "Defendant" or "Global"), who responds to Plaintiffs' Petition for Damages as follows:

**I.**

**ADOPTION OF EXCEPTIONS AND AFFIRMATIVE DEFENSES**

Global specifically adopts, and incorporates by reference as if fully set forth herein, the exceptions and/or affirmative defenses filed and put forth by the other Defendants in this action unless and until it specifically opts out of a particular exception after being raised.

**II.**

**ANSWER TO PETITION**

1.

The allegations contained in Paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Petition, and each sub-paragraph thereunder are denied for lack of sufficient information to justify a belief therein to the extent that said allegations are directed at defendants other than this defendant. To the extent that the allegations of Paragraph 4 of the Petition are directed at this defendant, it admits that it is a foreign corporation. With regard to all other allegations directed at this defendant, those allegations are denied.

5.

The allegations contained in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

## MAF EXPOSURE

11.

The allegations contained in Paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Petition are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Petition are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Petition are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Petition are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Petition are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Petition are denied for lack of sufficient information to justify a belief therein.

18.

To the extent that the allegations contained in Paragraph 18 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as these allegations pertain to other Defendants, they are denied for lack of sufficient information to justify a belief therein.

19.

To the extent that the allegations contained in Paragraph 19 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

20.

To the extent that the allegations contained in Paragraph 20 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to

justify a belief therein.

21.

To the extent that the allegations contained in Paragraph 21 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

22.

To the extent that the allegations contained in Paragraph 22 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

23.

To the extent that the allegations contained in Paragraph 23 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

**STRICT LIABILITY OF THE DEFENDANTS**

24.

To the extent that the allegations contained in Paragraph 24 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

25.

To the extent that the allegations contained in Paragraph 25 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

26.

To the extent that the allegations contained in Paragraph 26 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

27.

To the extent that the allegations contained in Paragraph 27 of the Petition, including any and all subparts, attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

28.

To the extent that the allegations contained in Paragraph 28 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

29.

To the extent that the allegations contained in Paragraph 29 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the

allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

## NEGLIGENCE LIABILITY OF DEFENDANTS

30.

To the extent that the allegations contained in Paragraph 30 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

31.

To the extent that the allegations contained in Paragraph 31 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

32.

To the extent that the allegations contained in Paragraph 32 of the Petition, including any and all subparts, attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

33.

To the extent that the allegations contained in Paragraph 33 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

34.

To the extent that the allegations contained in Paragraph 34 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

35.

To the extent that the allegations contained in Paragraph 35 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

36.

To the extent that the allegations contained in Paragraph 36 of the Petition, including any and all subparts, attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

37.

To the extent that the allegations contained in Paragraph 37 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 38 of the Petition do not require a response from this Defendant. To the extent that a response is required, and to the extent that the allegations

therein attempt to place liability upon this Defendant, either directly or indirectly, they are denied.

39.

To the extent that the allegations contained in Paragraph 39 of the Petition attempt to place liability upon this Defendant, either directly or indirectly, they are denied. Insofar as the allegations pertain to other Defendants, the same are denied for lack of sufficient information to justify a belief therein.

### III.

### AFFIRMATIVE DEFENSES

**AND NOW IN FURTHER ANSWER**, Defendant avers:

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Global and over the controversy forming the basis of this litigation.

### SECOND AFFIRMATIVE DEFENSE

There is insufficiency of process and service of process against Global.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks venue as alleged in the petition.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint against Global fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations and/or prescription.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Global denies that Frank Williams, Jr. (hereinafter "Decedent") ever used products manufactured by Global and further denies that Decedent was ever in proximity to products manufactured by Global.

## EIGHTH AFFIRMATIVE DEFENSE

Global avers that any injury or damage suffered by Decedent in connection with a product manufactured by Global, which injury or damage is specifically denied, did not result from the normal use of the product.

## NINTH AFFIRMATIVE DEFENSE

Alternatively, Global pleads the contributory and/or comparative negligence or fault and assumption of the risk of the Decedent. Said negligence, fault, and/or assumption of the risk act as a complete bar to or, alternatively, in mitigation to plaintiffs' recovery.

## TENTH AFFIRMATIVE DEFENSE

Global asserts that Decedent failed to observe warnings and instructions that were provided for his safety and protection and failed to use protective and safety equipment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to join as necessary and indispensable parties of all of the manufacturers, distributors, supplies, contractors, subcontractors, and other persons, firms, corporations, associates, and groups which provided asbestos-related products, or other harmful toxins, or which used such products in the vicinity of Decedent, thereby causing or substantially

contributing to Decedent's injuries. Plaintiffs' failure to join such third parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit. Plaintiffs' failure to join other necessary and indispensable parties subjects Global to the substantial risk of incurring double, multiple and otherwise inconsistent obligations for the damages claimed by plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

If Decedent sustained injuries or damages, which is specifically and categorically denied, Decedent's injuries and damages is the result of negligence or fault on the part of others over whom Global has no responsibility or control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Global specifically pleads the "state-of-the-art" defense to each and every allegation of the plaintiff. Global denies any defects in its products and avers that at all pertinent times, its products were reasonably fit and suited for the purpose for which they were manufactured and intended and were delivered with such advises as were consistent with the state of the existing medical and industrial art.

## FOURTEENTH AFFIRMATIVE DEFENSE

An award of punitive damages against this defendant is proscribed under Louisiana law. An award of punitive damages would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States and would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States. Also, plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Global denies existence of or breach of any actual or implied warranty.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Global avers that as a result of the provisions of certain statutes including 11 U.S.C. Section 362(a), plaintiffs are prohibited from proceeding against certain parties liable for the damages and injuries complained of and Global reserves its right to so proceed.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Further, alternatively, Global avers that Decedent did not inhale asbestos fibers or dust emitted by the normal use of said products, proximately causing the results and/or related abnormalities or alternatively, any other asbestos related injury.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that any of plaintiffs' claims asserted in the instant action were litigated and resolved in any prior action, those claims are barred in the instant action by reason of the primary right, *res judicata,* and collateral estoppel doctrines, which prohibit splitting a single cause of action into successive suits, in which plaintiffs seek additional recovery for injuries for which plaintiffs were previously compensated by alleged joint tortfeasors.

**NINETEENTH AFFIRMATIVE DEFENSE**

Global further adopts all affirmative defenses, if any, not specifically set out in this answer but asserted by any other defendant in this case.

**TWENTIETH AFFIRMATIVE DEFENSE**

This answering defendant alleges that the conduct and/or activities alleged in plaintiffs' Petition, which are attributable to this answering defendant, if any, all conformed to statutes, governmental regulations, and industry standards, based upon the state of knowledge existing at

the time alleged in the Petition.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Global affirmatively avers the affirmative defenses of La. R. S. 9:2800.51 et seq., the Louisiana Products Liability Act.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiffs have heretofore settled or should hereafter settle for any of their alleged injuries and damages with any parties, then Global is entitled to a credit for any such settlement.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Global asserts that Decedent's employers were responsible for his safety. Decedent's employers were knowledgeable and sophisticated users and/or purchasers of asbestos-containing products. A manufacturer or distributor of a product has no duty to warn a sophisticated user and/or purchaser of a danger in its products of which the user/purchaser knows or should have known.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Decedent and/or third party unrelated to this answering defendant, installed, removed, abused, or misused any materials or products associated with this answering defendant and allegedly provided therefrom, or used by Decedent, and such conduct caused or contributed to the damages alleged in plaintiffs' Petition.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the injuries, illnesses, losses, or damages alleged in plaintiffs' Petition, if any, were directly and proximately caused by or contributed to by the tortious acts or omissions of third parties over whom this answering defendant neither had any

control nor had any duty to control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This answering defendant alleges that Decedent and/or his employers had, at all relevant times, superior knowledge of the dangers and hazards, if any, associated with the use of or exposure to asbestos products, such that the Decedent and/or his employers are/were sophisticated users, as that term is defined by applicable law, and, accordingly, this answering defendant had no duty to warn Decedent and/or his employers of any dangers or hazards.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition, in whole or in part, fails to state a cause of action because, even if, *arguendo,* Decedent came into contact with any materials or products associated with this answering defendant, which this answering defendant expressly denies, such contact was not a substantial factor in causing any of the injuries and/or damages, if any, alleged in plaintiffs' Petition.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the injuries, illnesses, losses, or damages alleged in plaintiffs' Petition and for which plaintiffs seek recovery, if any, were the result of causes independent of the purported acts or omissions of this answering defendant, which operated as intervening and superseding causes of such injuries, illnesses, losses, or damages and, thus, eliminated any liability on the part of this answering defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This answering defendant alleges that any and all products or materials manufactured, sold, distributed, and/or supplied by this answering defendant, if any, conformed to the then-existing state-of-the-art. This answering defendant asserts that the state of medical and scientific

14

knowledge and all materials relating thereto at all times material herein were such that this answering defendant neither knew nor could have reasonably known the asbestos-containing products presented a significant risk of harm to Decedent if properly used for their proper purpose.

### THIRTIETH AFFIRMATIVE DEFENSE

This answering defendant alleges that the injuries, illnesses, losses or damages alleged in plaintiffs' Petition, if any, were caused by or the result of an unforeseen, intervening, or superseding cause for which this answering defendant is not liable.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant alleges that even if, *arguendo,* it is determined that Decedent was exposed to any product or material associated with this answering defendant, which this answering defendant expressly denies, then such exposure was *de minimus* and is insufficient to establish a reasonable degree of probability causation of the injuries, illnesses, losses, or damages alleged in plaintiffs' Petition.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant alleges that, to the extent that the plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries or claims against this answering defendant or other alleged joint tortfeasors in the instant action, plaintiffs' Petition, in whole or in part, is barred by the defenses of payment and accord and satisfaction.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

This answering defendant alleges that if plaintiffs have heretofore or should hereafter settle for any of this alleged injuries and damages with any party or parties, then this answering

defendant is entitled to a credit in the amount of said settlements.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that it is entitled to set-off for any amounts paid or to be paid by other entities including, but not limited to, bankruptcy trusts, and other defendants resulting from settlements made with plaintiffs. Further, any alleged liability of this answering defendant has been extinguished, discharged, or released by plaintiffs' settlement with, and/or release of any solidary obligor.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

This answering defendant denies that it is liable to plaintiffs in any respect. If this answering defendant is held liable to plaintiffs on any ground, then this answering defendant cross-claims against each and every co-defendant, based on the grounds that the conduct of one or several of these co-defendants was the primary cause of the damages alleged in the instant action and, as a result, this answering defendant is only secondarily liable for said damages. This answering defendant further alleges that it is entitled to indemnification from each and every co-defendant named in the instant action. If this answering defendant is held liable for any of the claims alleged in plaintiffs' Petition, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained as a result of those wrongful acts of the co-defendants and this answering defendant is entitled to contribution in the amount that is required to pay as a result of the co-defendants' wrongful acts.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent plaintiffs' Petition asserts a demand for punitive damages, this answering Defendant specifically incorporates by reference any and all Louisiana standards of limitations regarding the determination or enforceability of punitive damage awards.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' Petition seeks punitive damages against this answering Defendant, this answering Defendant affirmatively pleads as follows:

a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the State of Louisiana;

b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Louisiana;

c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Louisiana;

d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of Louisiana; and

e) Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that punitive damages may not be imposed upon it as

the result of any acts or omissions which were committed by other persons or entities.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This answering defendant alleges that no conduct by or attributable to it was the cause in fact or the proximate cause of the damages, if any, alleged in plaintiffs' Petition and hereby pleads any and all other defenses available to it.

**WHEREFORE,** Defendant, OWL International, Inc., d/b/a Global Associates prays that its Answer be deemed good and sufficient and that after all legal delays and due proceeding had, there be judgment in favor of Defendant and against Plaintiffs, dismissing the Petition for Damages, with prejudice and at Plaintiffs' costs. Defendant further prays for all general and equitable relief.

Respectfully Submitted:

**MARON MARVEL BRADLEY & ANDERSON LLC**

*/s/Shelley K. Napolitano*
RICHARD M. CRUMP (#30460)
*(EDLA Admission Pending)*
SHELLEY K. NAPOLITANO (#34692)
Place St. Charles
201 St. Charles Avenue, Suite 2411
New Orleans, LA 70139-6001
Telephone: (504) 684-5100
Facsimile: (504) 613-0067
*Attorneys for Owl International, Inc.,
d/b/a Global Associates*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the CM-ECF System for filing and transmittal of Notice of Electronic Filing of ECF registrants.

        */s/Shelley K. Napolitano*
        SHELLEY K. NAPOLITANO