UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRECK WILLIAMS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13136** |
| **RUST ENGINEERING & CONSTRUCTION CO., ET AL** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court is Defendant Fiat S.p.A.'s Motion to Dismiss (Doc. 9). Plaintiffs have not opposed this Motion. For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiffs Breck Williams and Tarsi Williams, the children of decedent Frank Williams, filed this suit in Louisiana state court on June 2, 2016. Frank Williams contracted mesothelioma and died as a result of asbestos exposure while working at the NASA Michoud Assembly Facility from 1966 to 1968 and 1974 to 1993. Plaintiffs aver that Defendants Rust Engineers and Construction, Inc., Global Associates, and Fiat S.p.A. were responsible for the installation, use, and maintenance of the injury-causing asbestos and seek damages under Louisiana law. Defendant Fiat S.p.A. is no longer in existence,

1

however, its successor corporation, Fiat Chrysler N.V., has appeared specially and filed the instant Motion to Dismiss, challenging both the Court's personal jurisdiction over it and the sufficiency of service of process. Plaintiffs have not opposed this Motion. Because the jurisdictional issue is dispositive of the matter, the Court will address that issue first.

## LEGAL STANDARD

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[1] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[2] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[3] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[4] The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[5] Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction

---

[1] *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[2] *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).
[3] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1983).
[4] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[5] *Id.* (citing *Colwell Realty Invs. v. Triple T. Inns of Ariz.*, 785 F.2d 1330 (5th Cir. 1986)).

is consistent with the Due Process Clause of the Fourteenth Amendment.[6] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[7] "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[8]

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[9] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[10] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[11]

---

[6] *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).
[7] *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.2d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).
[8] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).
[9] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).
[10] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).
[11] *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[12] The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[13]

## LAW AND ANALYSIS

Though Plaintiff has not filed an opposition, the Court may not simply grant the motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[14] Accordingly, this Court has considered the merits of Defendant's motion. The Court addresses the jurisdictional challenge first.[15]

In their petition, Plaintiffs make the conclusory allegation that Fiat S.p.A. is subject to the jurisdiction of Louisiana courts because it was doing business in Louisiana, made contracts with residents of Louisiana, and committed torts in Louisiana. "The court is not obligated to credit conclusory

---

[12] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)).
[13] *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).
[14] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).
[15] *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

allegations, even if uncontroverted."[16] Defendant Fiat has presented the Court with an affidavit indicating that it had no contact of any kind with the state of Louisiana either at the time Plaintiffs' father was exposed to asbestos or at the present time. Plaintiffs have submitted no evidence to contradict this statement. Accordingly, the Court finds that Plaintiffs have failed to make out a prima facie case of personal jurisdiction with regard to Fiat. Accordingly, Defendant Fiat's Motion to Dismiss is granted.

## CONCLUSION

For the forgoing reasons, Defendant Fiat Chrysler N.V.'s Motion to Dismiss is **GRANTED**. All claims against this Defendant are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 30th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Lansing Trade Grp., LLC v. 3B Biofuels GmbH & Co., KG*, 612 F. Supp. 2d 813, 819 (S.D. Tex. 2009).